IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
THOMAS D. NELSON,                )
                                 )
               Plaintiff,        )
                                 )
          v.                     )    1:09CV149
                                 )
ALVIN KELLER, et al.,            )
                                 )
               Defendants.       )
```

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on a Motion to Dismiss the Amended Complaint for Failure to State a Claim filed by Defendants Alvin Keller and C. Robertson (Docket Entry 42) and Defendant Iqbal Khan, M.D.'s Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry 50). For the reasons that follow, the Court should grant the instant Motions.

BACKGROUND

This case began when Plaintiff filed a request to proceed *in forma pauperis* and a form Complaint pursuant to 42 U.S.C. § 1983. (Docket Entries 1, 2.) The Complaint identified Plaintiff as a prisoner of the State of North Carolina housed at Hoke Correctional Institution and sought various forms of injunctive relief related to medical care. (Docket Entry 2 at 2-4.) Defendant Khan moved to dismiss the Complaint, including on grounds of failure to state a

claim under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 19.) In his supporting brief, Defendant Khan offered, inter alia, a detailed argument that the Complaint lacked sufficient allegations: 1) to sustain a claim for deliberate indifference to medical needs as required for a cause of action under Section 1983 related to prison medical care; or 2) to support a Section 1983 claim of any sort against Defendant Khan because of the absence of factual matter showing any action or knowing inaction by Defendant Khan. (Docket Entry 20 at 9-12.) Defendants Keller and Robertson also filed a Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 25.) Their supporting brief similarly presented cogent arguments that the claims against them failed as a matter of law given that the Complaint "d[id] not mention Keller whatsoever and ascribe[d] to him no role in the alleged injury . . . [and was] devoid of any act or omission attributable to Robertson which contributed to Plaintiff's alleged injury." (Docket Entry 26 at 4.)

Plaintiff did not respond to either of the foregoing motions, but instead filed a Motion for Leave to File an Amended Complaint. (Docket Entry 28.) The undersigned United States Magistrate Judge ruled that Plaintiff had a right to amend his Complaint as a matter of course under Federal Rule of Civil Procedure 15(a) and, therefore, recommended denial without prejudice of the motions by Defendants to dismiss the Complaint for failure to state a claim

-2-

because "Plaintiff's amendment may moot or may otherwise affect the proper disposition of the issues raised therein." (Docket Entry 34 at 4.) That Recommendation advised Plaintiff that, "[i]n drafting his Amended Complaint, [he] would be well-advised to consider carefully the arguments presented by Defendants . . . identify[ing] apparent, serious defects in Plaintiff's allegations." (Id.)

Plaintiff thereafter filed his Amended Complaint (Docket Entry 38) and Defendants again moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) (Docket Entries 42, 50). Following the filing of those instant Motions, the Clerk sent Plaintiff letters advising him of his "right to file a 20-page response in opposition . . . within 21 days from the date of service of [Defendants'] motion[s] upon [him]." (Docket Entry 44 at 1; Docket Entry 52 at 1.) Each letter specifically cautioned Plaintiff that a "failure to respond . . . within the allowed time may cause the court to conclude that [Defendants'] contentions are undisputed and/or that [Plaintiff] no longer wish[es] to pursue the matter" (id.), as well as that, "unless [Plaintiff] file[s] a response in opposition to [Defendants'] motion[s], it is likely [his] case will be dismissed" (id.). Despite these warnings, Plaintiff did not respond. (See Docket Entries dated Nov. 29, 2010, to present.)

## DISCUSSION

Under this Court's Local Rules, a litigant's failure to respond to a motion from an opposing party generally warrants entry

-3-

of an order granting the motion. See M.D.N.C. LR7.3(k). Moreover, as documented above in the Background section, the Clerk expressly warned Plaintiff that a failure to respond to the instant Motions likely would lead to dismissal of his claims. Furthermore, Plaintiff's Amended Complaint suffers from the same basic defects Defendants previously identified as to the original Complaint, notwithstanding the Court's above-quoted admonition to Plaintiff to address those matters when he filed his Amended Complaint.

More specifically, as Defendants Keller and Robertson observed in the brief they filed in support of their instant Motion (see Docket Entry 43 at 11), the Amended Complaint does not allege factual matter showing action or knowing inaction by Defendants Keller and Robertson (see Docket Entry 38 at 2-6), but instead apparently seeks to impose liability upon them based on the fact of their positions (see id. at 1 (describing Defendant Keller as "Secretary of Corrections" and asserting that he is "legally responsible for the overall operation of the Department [of Correction] and each institution under its jurisdiction"), 2 (alleging that, as "the Nursing Supervisor at Hoke C.I.," Defendant Robertson "is legally responsible for the operation of the Medical Department and for the welfare of all inmates seeking medical treatment")). Such allegations do not suffice to state a claim under Section 1983. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); McFadyen v. Duke Univ., 786 F. Supp. 2d 887, 963

(M.D.N.C. 2011) (Beaty, C.J.). Similarly, as Defendant Khan detailed in his brief in support of his instant Motion (see Docket Entry 51 at 9-12), the Amended Complaint fails to assert factual matter showing that Defendant Khan engaged in deliberate indifference to Plaintiff's serious medical needs, but at most reflected disagreement by Plaintiff with the course of treatment ordered by Defendant Khan (and others) (see Docket Entry 38 at 2-6). The Amended Complaint thus does not state a claim against Defendant Khan for a constitutional deprivation. See, e.g., United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011).

CONCLUSION

No reason exists for the Court to depart from the general rule that Plaintiff's failure to respond to Defendants' instant Motions warrants dismissal of the Amended Complaint, particularly given that, despite notice of the deficiencies in his original Complaint, Plaintiff's Amended Complaint lacks sufficient factual matter to state a claim under Section 1983 against Defendants.

**IT IS THEREFORE RECOMMENDED** that the Motion to Dismiss the Amended Complaint for Failure to State a Claim filed by Defendants Alvin Keller and C. Robertson (Docket Entry 42) and Defendant Iqbal Khan, M.D.'s Motion to Dismiss Plaintiff's Amended Complaint (Docket Entry 50) be **GRANTED**.

/s/ L. Patrick Auld
                                 **L. Patrick Auld**
                           **United States Magistrate Judge**

July 24, 2012